PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PHILLIP DOUGLAS JACOBS, | ) | |
| | ) | CASE NO. 4:19CV0557 |
| Petitioner, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| STATE OF OHIO, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondents. | ) | [Resolving ECF No. 1] |

This case has been transferred from the United States District Court for the Southern District of Ohio. *See* Order (ECF No. 2). *Pro se* Petitioner Phillip Douglas Jacobs a/k/a Bismillah filed this "Complaint for Declaratory Judgment Order and Petition for Writ of Prohibition" (ECF No. 1-1) under 28 U.S.C. §§ 2201 and 1651. Petitioner is an inmate at the Marion Correctional Institution where he is serving a life sentence for 1) convictions for felonious assault and aggravated robbery in the Common Pleas Court of Mahoning County and 2) a murder conviction in the Common Pleas Court of Preble County. *See Jacobs v. Bunting, No. 3:15CV1126, 2015 WL 7251675, at \*1 (N.D. Ohio Oct. 27, 2015)* (Carr, J.).

In this Complaint/Petition (ECF No. 1-1), Petitioner contends he completed his sentence but remains incarcerated due to Ohio House Bill 365. He offers no explanation for how he has determined he completed his sentences, nor how his sentences were impacted by House Bill 365. He states that his Mahoning County judgment entry of May 24, 1985 did not mention any other

(4:19CV0557)

sentences he was required to serve from other convictions and therefore his other sentences (in this case his life sentence for murder) are not in compliance with Ohio R. Crim. P. 32(c).

Federal courts are always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), and may not entertain an action over which jurisdiction is lacking, *see Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Petitioner indicates he is filing this action seeking a Declaratory Judgment under 28 U.S.C. § 2201, and a Writ of Prohibition under the All Writs Act, 28 U.S.C. § 1651. These statutes, however, do not create an independent basis for federal subject matter jurisdiction. *Heydon v. MediaOne of Southeast Michigan, Inc.*, 327 F.3d 466, 470 (6th Cir. 2003) (citing *Skelly Oil Co. v. Phillips Petroleum*, 339 U.S. 667, 671-72 (1950)); *Michigan v. City of Allen Park*, 954 F.2d 1201, 1216 (6th Cir. 1992).

The Declaratory Judgment Act merely provides the Court with discretion to grant a certain type of relief if the plaintiff/petitioner is entitled to judgment under some other federal statute. *Heydon*, 327 F.3d at 470. Similarly, the All Writs Act only authorizes the issuance of writs "in aid of . . . jurisdiction[ ]." 28 U.S.C. § 1651(a). The Court must have an independent basis for subject matter jurisdiction in order to issue a writ in aid of such jurisdiction. *City of Allen Park*, 954 F.2d at 1216; *Tropf v. Fidelity Nat. Title Ins. Co.,* 289 F.3d 929, 943 (6th Cir. 2002); *see also Yisra'EL v. U.S. Dep't of Justice*, No. 5:11-00289-KSF, 2011 WL 4458772, at *3 (E.D. Ky. Sept. 23, 2011) ("[T]he All Writs Act is not an independent grant of jurisdiction to a court, but permits the issuance of writs in aid of the jurisdiction which a court independently possesses."). Therefore, prior to requesting either declaratory judgment or a writ of prohibition,

2

(4:19CV0557)

Petitioner must supply a well-pleaded Complaint or Petition which otherwise states a federal question. He has not done so. Therefore, the Court lacks subject matter jurisdiction to proceed with this action.

Furthermore, Petitioner is no stranger to this federal court. He has filed nine habeas petitions under 28 U.S.C. §§ 2254 and 2241 seeking relief from his current convictions and sentences.[1] He has also filed at least eight civil rights cases, while incarcerated, to earn him the designation of a restricted filer under the three strikes provision of 28 U.S.C. § 1915(g).[2] If the Court were to construe this action as an attempt to file a Petition for a Writ of Habeas Corpus, it

---

[1] *See Jacobs v. Dallman*, No. 4:92CV1104 (N.D. Ohio July 14, 1992) (White, J.) (denied on the merits); *Jacobs v. Russell*, No. 4:94CV1910 (N.D. Ohio May 20, 1997) (Wells, J.) (dismissed without prejudice for failure to exhaust, and eventually transferred to the Circuit as a successive petition); *Jacobs v. Morgan*, No. 1:01CV2224 (N.D. Ohio Aug. 8, 2003) (Gaughan, J.) (denied on the merits); *Jacobs v. Morgan*, No. 1:04CV2488 (N.D. Ohio Jan. 31, 2005) (O'Malley, J.) (transferred to the Circuit as successive); *Jacobs v. Hudson*, No. 1:06CV0595 (N.D. Ohio May 3, 2006) (O'Malley, J.) (transferred to the Circuit as successive); *Jacobs v. Hudson*, No. 4:06CV2852 (N.D. Ohio Jan. 25, 2007) (O'Malley, J.) (transferred to the Circuit as successive); *Jacobs v. Warden Marion Corr. Inst.*, No. 4:13CV1306 (N.D. Ohio Dec. 10, 2013) (Oliver, C.J.) (transferred to the Circuit as successive); *Jacobs v. Bunting*, No. 4:16CV2223 (N.D. Ohio Oct. 6, 2016) (Carr, J.) (transferred to the Circuit as successive); *Jacobs v. Wainwright*, No. 4:18CV0280 (N.D. Ohio Feb. 26, 2018) (Oliver, J.) (transferred to the Circuit as successive).

[2] *See Jacobs v. Youngstown,* No. 4:90CV0082 (N.D. Ohio March 30, 1990) (Bell, J.); *Jacobs v. Lane*, No. 3:02CV7512 (N.D. Ohio Dec. 15, 2003) (Katz, J.) (dismissed under 28 U.S.C. § 1915(e)); *Jacobs v. Wilkinson*, No. 3:03CV7028 (N.D. Ohio April 21, 2003) (Carr, J.) (dismissed under 28 U.S.C. § 1915(e)); *Jacobs v. Hall*, No. 3:08CV1262 (N.D. Ohio Oct. 3, 2008) (Katz, J.); *Jacobs v. Mohr*, No. 3:11CV2294 (N.D. Ohio Jan. 5, 2012) (Carr, J.) (3 strikes under § 1915(g)); *Bismillah v. Mohr*, No. 3:16CV1374 (N.D. Ohio Sept. 24, 2018) (Helmick, J.) (3 strikes under § 1915(g)); *Jacobs v. Mohr*, No. 3:16CV1908 (N.D. Ohio June 28, 2018) (Helmick, J.) (3 strikes under § 1915(g)); *Bismillah v. Bureau of Medical Serv.*, No. 3:18CV2741 (N.D. Ohio Dec. 19, 2018) (Zouhary, J.) (3 strikes under § 1915(g)).

(4:19CV0557)

would be successive and would have to be transferred to the Sixth Circuit for permission to proceed with a successive Petition pursuant to *In re Sims*, 111 F.3d 45 (6th Cir. 1997). If the Court were to construe this action as one filed under 42 U.S.C. § 1983, Petitioner would have to pay the full filing fee of $400 in order to proceed with this case.

Accordingly, Petitioner's Application to Proceed *In Forma Pauperis* (ECF No. 1) is granted and this action is dismissed for lack of subject matter jurisdiction. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

   July 31, 2019                                 */s/ Benita Y. Pearson*
Date                                             Benita Y. Pearson
                                                    United States District Judge