PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PHILLIP DOUGLAS JACOBS, ) | |
| ) | CASE NO. 4:19CV0557 |
| Petitioner, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | |
| STATE OF OHIO, *et al.*, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Respondents. ) | [Resolving ECF Nos. 14 and 15] |

Pending are *Pro Se* Petitioner's Motions to Alter or Amend Judgment (ECF No. 14) and for Notice to be Taken of Supporting Case Law and Authorities (ECF No. 15). For the reasons stated below, the motions are denied.

This case was previously transferred from the United States District Court for the Southern District of Ohio. *See* Order (ECF No. 2). Petitioner Phillip Douglas Jacobs a/k/a Bismillah is a state inmate incarcerated at the Marion Correctional Institution. He filed a "Complaint for Declaratory Judgment Order and Petition for Writ of Prohibition" (ECF No. 1-1) under 28 U.S.C. §§ 2201 and 1651 to challenge his sentences and continued incarceration. Petitioner is no stranger to this federal court, having filed nine (9) habeas petitions under 28

(4:19CV0557)

U.S.C. § 2254 seeking relief from his current convictions and sentences,[1] and at least eight (8) civil rights cases[2] that earned him the designation of a restricted filer under the three strikes provision of 28 U.S.C. § 1915(g). *Bismillah v. Mohr*, No. 3:16CV1374 (N.D. Ohio Sept. 24, 2018) (Helmick, J.). The Declaratory Judgment Act and the All Writs Act, from which the Writ of Prohibition is derived, do not create an independent basis for federal subject matter jurisdiction. *Heydon v. MediaOne of Southeast Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950)); *State of Mich. v. City of Allen Park*, 954 F.2d 1201, 1216 (6th Cir. 1992). The Court previously determined

---

[1] *See Jacobs v. Dallman*, No. 4:92CV1104 (N.D. Ohio July 14, 1992) (White, C.J.) (denied on the merits); *Jacobs v. Russell*, No. 4:94CV1910 (N.D. Ohio May 20, 1997) (Wells, J.) (dismissed without prejudice for failure to exhaust, and eventually transferred to the Circuit as a successive petition); *Jacobs v. Morgan*, No. 1:01CV2224 (N.D. Ohio Aug. 8, 2003) (Gaughan, J.) (denied on the merits); *Jacobs v. Morgan*, No. 1:04CV2488 (N.D. Ohio Jan. 31, 2005) (O'Malley, J.) (transferred to the Circuit as successive); *Jacobs v. Hudson*, No. 1:06CV0595 (N.D. Ohio May 3, 2006) (O'Malley, J.) (transferred to the Circuit as successive); *Jacobs v. Hudson*, No. 1:06CV2852 (N.D. Ohio Jan. 25, 2007) (O'Malley, J.) (transferred to the Circuit as successive); *Jacobs v. Warden Marion Corr. Inst.*, No. 4:13CV1306 (N.D. Ohio Dec. 10, 2013) (Oliver, C.J.) (transferred to the Circuit as successive); *Jacobs v. Bunting*, No. 4:16CV2223 (N.D. Ohio Oct. 6, 2016) (Carr, J.) (transferred to the Circuit as successive); *Jacobs v. Wainwright*, No. 4:18CV0280 (N.D. Ohio Feb. 26, 2018) (Oliver, J.) (transferred to the Circuit as successive).

[2] *See Jacobs v. Youngstown*, No. 4:90CV0082 (N.D. Ohio March 30, 1990) (Bell, J.); *Jacobs v. Lane*, No. 3:02CV7512 (N.D. Ohio Dec. 15, 2003) (Katz, J.) (dismissed under 28 U.S.C. § 1915(e)); *Jacobs v. Wilkinson*, No. 3:03CV7028 (N.D. Ohio April 21, 2003) (Carr, J.) (dismissed under § 1915(e)); *Jacobs v. Hall*, No. 3:08CV1262 (N.D. Ohio Oct. 3, 2008) (Katz, J.) (dismissed under § 1915(e)); *Jacobs v. Mohr*, No. 3:11CV2294 (N.D. Ohio Jan. 5, 2012) (Carr, J.) (three strikes under § 1915(g)); *Bismillah v. Mohr*, No. 3:16CV1374 (N.D. Ohio Sept. 24, 2018) (Helmick, J.) (three strikes under § 1915(g)); *Jacobs v. Mohr*, No. 3:16CV1908 (N.D. Ohio June 28, 2018) (Helmick, J.) (three strikes under § 1915(g)); *Bismillah v. Bureau of Med. Serv.*, No. 3:18CV2741 (N.D. Ohio Dec. 19, 2018) (Zouhary, J.) (three strikes under § 1915(g)).

2

(4:19CV0557)

Petitioner could not use them to avoid the procedural bars of a successive habeas petition or the three-strikes rule of 28 U.S.C. § 1915(g). Memorandum of Opinion and Order (ECF No. 12) at PageID #154-55.

Petitioner has now filed this Motion to Alter or Amend Judgment incredibly claiming that he commenced the above-entitled action seeking a Writ of Prohibition and the District Court for the Southern District of Ohio recharacterized it as a Complaint for Writ of Prohibition. ECF No. 14 at PageID #: 157. He contends the appropriate statute under which to consider his Petition is 28 U.S.C. § 2241. Petitioner argues the successive petition restrictions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") do not apply to § 2241 Petitions.

A court may grant a Fed. R. Civ. P. 59(e) motion to alter or amend judgment only if there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). A Rule 59(e) motion is not an opportunity to re-argue a case, *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998), nor is it a proper vehicle to "raise arguments which could, and should, have been made before judgment issued." *Id.* It is an extraordinary remedy and is seldom granted "because it contradicts notions of finality and repose." *Mitchell v. Citizens Bank*, No. 3:10-00569, 2011 WL 247421, at *1 (M.D. Tenn. Jan. 26, 2011). The moving party must "set

(4:19CV0557)

forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision." *McDaniel v. Am. Gen. Fin. Servs.*, No. 04-2667 B, 2007 WL 2084277, at *2 (W.D. Tenn. July 17, 2007).

Petitioner does not present a basis for relief under Rule 59(e). He does not cite to an error of law in the Court's opinion, newly discovered evidence, or an intervening change in controlling law. First, his attempt to change this action into a Petition under 28 U.S.C. § 2241 is not appropriate in a Rule 59(e) motion as it presents a new legal theory upon which to base his action. Second, it is not useful in avoiding dismissal. If Petitioner is a state prisoner challenging a state conviction or sentence, his habeas corpus petition is governed by 28 U.S.C. § 2254 regardless of the statutory label he gives it and it is subject to the restrictions imposed by AEDPA, including those pertaining to successive petitions. *Rittenberry v. Morgan*, 468 F.3d 331, 337-38 (6th Cir. 2006); *see also Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001) (when a state prisoner seeks habeas relief, but does not challenge a state court conviction or sentence, the requirements of § 2254 apply no matter what statutory label is used because the detention arises from a state court process). This Petitioner should already know from one of his recent prior cases that "a petitioner cannot invoke § 2241 to do an end-run around the bar against successive habeas petitions." *Jacobs v. Ohio Adult Parole Authority*, No. 4:16CV2223, 2018 WL 286208 (N.D. Ohio Jan. 2, 2018) (Carr, J.).

Accordingly, Petitioner's Motions to Alter or Amend Judgment (ECF No. 14) and for Notice to be Taken of Supporting Case Law and Authorities (ECF No. 15) are denied. The Court

4

(4:19CV0557)

certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

| | |
|---|---|
| December 13, 2019 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson<br>United States District Judge |